McCauley, &c.
vs
Rodes, Macklin
&c.

*Harlan & Craddock* for plaintiffs.

---

Chancery.

Case 121.

## McCauley, &c. *vs* Rodes, Macklin, &c.

*Bill of discovery.   Attachment bills.   Fraud.*

Error to the Fayette Circuit.

July 29.

Chief Justice Marshall delivered the opinion of the Court.—Judge Breck did not sit in this case.

A deed by a husband in failing circumstances conveying a trust for the wife's separate use the property which she was in law entitled as heir to her father, & which had not been reduced to the possession of the husband, is not fraudulent.

It is the opinion of this Court, that as the deed of trust made by Ferguson, for the benefit of his wife, professes to convey only so much of her own estate as had not been reduced to possession by him, or as was not vested in him by law, it did not convey any interest either in the land or slaves which had been allotted to her in the division of her father's estate, but the same having at the time of her marriage, and at the date of the deed of trust, three months afterwards, been in possession of her guardian or his lessees for her, were in her possession, so as to vest in her husband the absolute title to the slaves, and the right to the land during their joint lives. The deed conveys nothing specifically by name or description, but only such property, without specification, as the wife was entitled to as heir or distributee, and as had not been reduced to possession, or become vested by law absolutely in the husband. And as the insolvency of the husband entitled the wife to a settlement out of her property, we are satisfied that there was no fraud either in the intent with which the deed was executed, or in its actual operation, and that McCauley's bill, praying on the ground of fraud in the deed, to subject to the satisfaction of his debt, whatever estate, in land, slaves or personalty, was conveyed by it, did not operate as an attachment or lien up-

on any estate not conveyed, and was not a *lis pendens* beyond the operation of the deed, because it neither described nor sought to subject any estate derived from the wife, except as estate fraudulently conveyed by the deed, and because it did not seek the subjection of any specific thing, either as having been conveyed, or as not being embraced in the deed; but alledging fraud in the deed, prayed that it might be set aside, and that whatever it conveyed might be subjected. As nothing passed by the deed, the complainant could get nothing by this prayer, and attached nothing, even if he had succeeded in showing fraud. And as the deed would not have been fraudulent, even if something had passed by its terms as not having become vested in the grantor as husband, the complainant would have been entitled to nothing, even under this hypothesis.

It follows, that in our opinion this bill of McCauley constituted no such lien or attachment, or *lis pendens*, as to prevent such interest as Ferguson, the debtor, had in the estate of his wife from passing absolutely to the assignee in bankruptcy, under his application for the benefit of the bankrupt law, made some days after the filing of the bill. And as the three other bills of Strawbridge, Ryan, &c. and Waterman, filed in the intermediate period, do not even mention the deed, nor refer to any estate of Ferguson held in right of his wife, nor specify any property, except an alledged interest in a store, and some pecuniary demands hereafter to be noticed; but only pray for a discovery of estate, and for the subjection of such as may be discovered, we think it entirely clear that these bills present no obstacle to the title of the assignee in bankruptcy. The 38th and 39th sactions of the execution law of 1828, do not, by fair construction, operate to give a lien upon the filing of every bill of discovery, of whatever nature it may be. And we remark with reference to the first, as well as the three last bills, that although it is the object and policy of the attachment laws, to give substantial aid to creditors resorting to the remedies which they furnish, there are still some other interests to be kept in view, and which creditors resorting to these laws are themselves bound to respect. A

A bill by a creditor for a discovery of assets, will not operate as a lien upon any interest or right which might have been known by consulting the public records, and which were not specified in the bill.

McCAULEY, &c.
*vs*
RODES, MACKLIN
&c.

due regard for these interests, requires that bills by which the defendant is to be restrained from disposing of property, of which, in the eyes of the community, he appears to be the owner, with the absolute right of disposition, should at least specify the property which without being actually taken into the custody of the law or its officer, is to be absolutely withheld from transfer, and tied up in the hands of the owner, by the silent and hidden. operation of a *lis pendens.* The bill of discovery is given as a means of ascertaining secret or involved interests not open to ordinary observation. In the present case, the allotment of the land and slaves to the wife of Ferguson, were shown by the appropriate records of the county. His deed of trust had also been recorded near two years before these bills were filed. The means of specifying any or all of this property, were easily accessible. There was no need of a discovery as to that, and no excuse for the absence of specific allegation and description. And we think the complainants having neglected the obvious means of information and of certainty, are entitled to no aid by a favorable construction, either of their own vague allegations or of the statute, in their attempt to give a preference over other creditors.

We are satisfied, therefore, that the interest of Ferguson in the land and slaves, which had descended to his wife, was properly decreed to the assignee in bankruptcy.

With regard to the alledged interest of Ferguson in the store of G. B. Hale & Co., which all the bills, and the cross bill of the assignee seek to appropriate, we are of opinion, upon the bills and answers, that there was no such interest, either on the ground of fraud in the sale by Ferguson to Rodes and Macklin, or on the ground of agreement or trust. It appears clearly that they took Ferguson's interest in the store, upon the ascertainment of his insolvency, with great reluctance; and as a measure absolutely necessary to save them from loss on account of their engagements entered into at Ferguson's request, as sureties for the purchase of the goods. The transfer from Ferguson to them was absolute, without trust or condition. There was at the time no such inequality in the bargain, as either to create the inference of a secret

trust or reservation which the parties positively deny, or to authorize the Chancellor to give that character to the transaction against the intention of the parties. Rodes and Macklin, for themselves, and in behalf of the credi- tors of Hale & Ferguson, were entitled in the disposition of the store, to a preference over all other creditors of Ferguson. There is little probability that if the business of the firm of Hale & Ferguson had been coercively closed for the satisfaction of creditors, any thing could have been realized for the separate creditors of Ferguson. The complainants, therefore, have lost nothing by the arrangement with Rodes and Macklin; nor have the gen- eral creditors of Ferguson, who are represented in this suit by the assignee; and although it be assumed that in consequence of the arrangement by which Rodes and Macklin took the place of Freguson, the new firm has, at their risk, and with their credit, and by good management, conducted a profitable business, this result thus accom- plished, gives no enforcible right to Ferguson or to his creditors claiming through him, to demand a participa- tion in the profits ultimately realized. The answers of the parties constitute an absolute negation of any such right as growing out of the transfer itself, and if it be sup- posed that in consideration of the good fortune which has attended the business, Rodes and Macklin may intend to bestow a part of the profits on Ferguson, or even if it be supposed that they so intended from the first, if the busi- ness should prove profitable, such a secret purpose not entering into the consideration of the contract of transfer, nor forming a condition in it, and not expressed nor even understood at the time, for all this is negatived by their answers, could not constitute a right in Ferguson. These remarks are made, not because there is any evidence of such intention other than may be inferred from the mere fact that Rodes and Macklin, took Freguson's interest and responsibilities reluctantly, and to save themselves, but because it is insisted on the part of the assignee, that his amended cross bill alledging such intention and averring that large profits had been made, was improperly rejected on his offer to file it, and that upon the statements of that bill, he was entitled to an account of the profits and to

McCAULEY, &c.
*vs*
RODES, MACKLIN
&c.

a decree. But the intention alledged in that bill is but an inference from the facts and relation of the parties as previously exhibited ; and if those facts and relations are not such as to establish a right in Ferguson, as we are clearly of opinion they are not, the secret intention of Rodes and Macklin cannot do so. They had previously denied every material fact alledged in the amended cross bill, and its rejection was neither erroneous nor prejudicial to the assignee.

The bills and cross bills were, therefore, properly dismissed, so far as they sought relief against Rodes and Macklin.

Upon a fair construction of the agreement that the answer of Rodes should be taken as the answer of Hale, we think it should be taken as a denial of any indebtedness of Hale to Ferguson, and if not, he certainly should be allowed an opportunity to answer hereafter.

With regard to the few articles of personal property disclosed by Ferguson, in answer to the bills of discovery, as those bills did not of themselves, operate to attach them, they passed to the assignee; and no notice having been taken of them in the amended bills filed after the discovery made by Ferguson's answer, the inferrence is, that the complainants did not intend to pursue them further, but confined their efforts to the more important objects involved in the suit. What disposition has, in fact, been made of the property either by Ferguson or the assignee, does not appear. It is not mentioned in the decree, and not having been mentioned in any pleading of the complainants, we think they have no right to insist in this Court, for the first time, that it should have been subjected to their debts. They did not take the proper steps for having it so subjected, nor does it satisfactorily appear that they were entitled, at the final hearing, to a decree subjecting it.

Wherefore, the entire decree upon the original and cross errors is affirmed.

*Combs & Shy* for plaintiff; *Robinson & Johnson and Pindell* for defendants.