# DECISIONS

OF THE

# COURT OF APPEALS OF KENTUCKY..

## JANUARY TERM, 1881.

CASE 40—EQUITY—FEBRUARY 10, 1881.

## Pope, &c., v. Shanklin.

APPEAL FROM BULLITT CIRCUIT COURT.

1. A covenant between husband and wife, that, in consideration of his receiving a sum of money devised to her by her father, he would secure the money to her separate use, and, if she died childless, it should go to her heirs, cannot be enforced after her death.
2. A contract between husband and wife for the benefit of third persons,. to whom the husband is under no legal or moral obligation, is void..
3. The husband takes the personalty by survivorship.

LEWIS & FARLEIGH FOR APPELLANTS.

1. The contract and mortgage created in the wife a separate estate in the fund. (Bryant's adm'r v. Bryant, 3 Bush, 155; Campbell v. Galbreath, 12 *Ib.*, 459.)
2. The husband became the trustee for appellants, who are the brothers. and sisters of Mrs. Shanklin.
'3. The petition exhibits a complete cause of action.

F. P. STRAUS FOR APPELLEE.

1. The contract between husband and wife, although a court of equity' would uphold it to the extent that the wife derived benefit from it,. is void as to appellants. (Wilson v. Daniel, 13 B. Mon., 350; Cox. v. Coleman, *Ib.*, 452.)
2. As husband, appellee, having survived the wife, is distributee.

CHIEF JUSTICE COFER DELIVERED THE OPINION OF THE COURT.

The claim of the appellants rests upon the alleged agree-- ment between the appellee and his wife, which is certainly

without any consideration, good or valuable, moving from them, and it is doubtful, from the statements in the petition, whether there was any other than a good consideration as between the husband and wife. If the agreement was made before the husband had reduced the wife's estate to possession, it is supported by a valuable consideration. (McCauley v. Rodes, 7 B. Mon., 462; Patridge v. Havens, 10 Paige, 618.) But if made afterward, it would be supported by a good consideration merely.

But if we assume that the money of the wife had not been reduced to possession, and that the husband agreed with her that, in consideration of her receiving it, he would secure four thousand dollars to her separate use, and that if she died childless, it should pass to her heirs, we encounter the question whether a contract between husband and wife for the benefit of third persons, to whom the husband is otherwise under no legal or moral obligation, can be enforced against him by such third persons.

At law, all contracts between husband and wife are void; but such contracts, when advantageous to the wife, will be upheld in equity for her benefit and protection. We are not aware, however, that such a contract has ever been enforced against the husband for the benefit of third persons for whom neither husband or wife was under any legal or moral obligation to provide.

That the husband, after the execution of the mortgage, may have held the fund as trustee for his wife, does not aid the appellants. The law made him trustee from necessity, and for a specific purpose, i. e., to uphold the transaction for the benefit of his wife, and for no other purpose; and when she died, the fund was in his hands for whoever was legally entitled to it. (Thomas v. Harkness, 13 Bush, 23.)

Unless the promise made to his wife for the benefit of the appellants is enforceable, the fund belongs to him as survivor, and we are unable to discover any legal or equitable ground upon which he can be held upon an otherwise unenforceable agreement, because he was a trustee for his wife.

Judgment affirmed.